**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CARLOS PEREZ,**

**Plaintiff,** **00-CV-1035(Sr)**

**v.**

**C.O. RADEMACHER, et al.,**

**Defendants.**

---

**DECISION AND ORDER**

The parties have consented, pursuant to 28 U.S.C. § 636(c), to have the undersigned conduct all further proceedings in this case, including entry of judgment. Dkt. #46. Trial is scheduled to commence Tuesday, October 23, 2007. Currently before the Court are the parties' motions *in limine*. Dkt. ##88, 93.

Deposition Testimony of Wattie Folk

Defendants seek to preclude use of the deposition transcript of Wattie Folk, an inmate witness to the incident involved in the complaint. Dkt. #89. Plaintiff argues that Mr. Folk's deposition testimony is admissible because defendants had a full and fair opportunity to cross-examine him at his deposition and because Mr. Folk is currently housed at the Clinton Correctional Facility, which is more than 100 miles from the courthouse. Dkt. #94, ¶¶ 21, 23-24. Defendants reply that the parties reserved their objections for trial and asserts that the deposition transcript "is laden with hearsay, irrelevant and conclusory testimony . . . in violation of the Federal Rules of Evidence."

Dkt. #95, ¶ 4. Defendants also argue that they were not afforded a full and fair opportunity to question Mr. Folk because he refused to answer certain questions on cross-examination. Dkt. #95, ¶ 4. Defendants request that the Court issue a writ of habeas corpus ad testificandum to procure Mr. Folk's presence as a witness at trial. Dkt. #95,

¶ 4.

Given the difficulties experienced in executing the writ of habeas corpus ad testificandum for plaintiff, the Court is skeptical that Mr. Folk could be made available as a witness at trial next week. Regardless of the practicalities of the situation, the Court is satisfied that the requirements of Fed. R. Civ. P. 32(a)(3)(B) have been met and that defendants' legitimate objections to portions of the deposition transcript will not preclude use of the transcript *in toto*. Accordingly, this aspect of defendants' motion *in limine* is denied.

Plaintiff's Pre- and Post-Incident Grievances

Defendants seek to preclude evidence about incidents which occurred both before and after the incident of January 10, 2000 on the ground that it is impermissible bad act evidence as prohibited by FRE 404(b). Dkt. #89, ¶ 3. Plaintiff responds that the grievances are "probative evidence of the motive behind what occurred and the cover up that happened afterward." Dkt. #94, ¶ 26. Specifically, plaintiff argues that this evidence will demonstrate that the January 10, 2000 incident was in retaliation for his prior complaints about defendant Rademacher. Dkt. #94, ¶ 30.

Following the incident, this evidence will demonstrate that plaintiff complained and "made numerous requests for relevant and material evidence such as the alleged note from the informant, the alleged weapon he had in his possession, and the videotape that was claimed to have been defective showing his transport after the incident." Dkt. #94, ¶ 31.

The Court agrees that testimony by the plaintiff that he had filed prior grievances against C.O. Rademacher is relevant to establish motive with respect to the incident of January 10, 2000. The Court further agrees that the disciplinary hearing and grievance regarding this incident is relevant to establish DOCS' knowledge of plaintiff's complaint about the incident. As the Court previously determined, plaintiff is free to argue to the jury that DOCS' inability to produce these items, which were requested shortly after the incident in defense of plaintiff's disciplinary charges, casts suspicion upon defendants' version of events leading to and including the use of force on plaintiff. See Dkt. #75. Accordingly, this aspect of defendants' motion is denied.

Plaintiff's Prison Disciplinary Record

Plaintiff seeks to preclude testimony from defendants regarding plaintiff's disciplinary record in prison. Dkt. #94, ¶ ¶ 3-6. Defendants do not oppose this aspect of plaintiff's motion. Dkt. #95, ¶ 3. However, defendants assert that this evidence may become relevant upon cross examination. Dkt. #89, ¶ 2. The Court is of the opinion that plaintiff's disciplinary record is irrelevant to the question before the jury, *to wit*, whether defendants' use of force against plaintiff was reasonable. Accordingly, plaintiff's motion to preclude evidence of his disciplinary record is granted.

Plaintiff's Criminal Convictions

Plaintiff seeks to limit testimony regarding plaintiff's criminal convictions. Dkt. #94. Defendants respond that they are interested in eliciting plaintiff's 1996 robbery conviction (which precipitated his incarceration at the time of the incident alleged in the complaint), and the 2007 attempted rape conviction (which followed his release from prison on the 1996 robbery conviction). Dkt. #95, ¶ 2.

The Court is of the opinion that the nature of plaintiff's convictions is unduly prejudicial and irrelevant for purposes of resolving the issues in this case, *to wit*, whether the defendants' admitted use of force against plaintiff was excessive. Accordingly, defendants are limited to asking plaintiff whether, at the time of the incident, he was incarcerated following conviction of a felony.

**SO ORDERED.**

DATED: Buffalo, New York
October 19, 2007

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**